## GEORGE CHATTERTON *vs.* THE UNION RAILROAD COMPANY.

An omission to except to the rulings of a judge waives all objection thereto.

That a judge, in answer to a written request for instructions sent to him from the jury room, returned his reply in writing when neither the party litigant nor his counsel was in the court room is no reason for granting a new trial to such party.

PLAINTIFF'S petition for a new trial.

*June* 4, 1883.   PER CURIAM.   After the jury had been charged and had retired to their room to deliberate on their verdict, they sent to the justice, who presided at the trial, a question in writing concerning the instructions they had received, to which the justice returned an answer, also in writing, conveying the instruction called for by the question.   The question was received by the justice and his answer thereto returned to the jury in the absence of the plaintiff and his counsel from the court room.

The plaintiff alleged that neither he nor his attorneys had any knowledge or information of the question or instruction, and had no opportunity to except thereto; for which reason, and also because he was aggrieved by the instruction, he prays for a new trial.

We do not think the sending of the instruction to the jury in the absence of the plaintiff and his counsel, who had left the court room, a sufficient ground for granting a new trial.   In *Alexander* v. *Gardiner, ante,* p. 15, it was held that the giving of additional instructions to the jury in the absence of counsel from the court room was no ground of exception.   In that case the client was present, but the reasons of the decision are equally applicable whether the client is present or absent.

It is not necessary, however, to determine this question, for it appeared on the hearing that after the reply of the justice had been sent to the jury and before their verdict had been rendered, the plaintiff's counsel returned to the court room and were informed by the justice that the instruction had been sent to the jury and what the instruction was.   The counsel, although they claimed that the instruction was not law, did not, so far as appears, request any modification of it or point out the error. Failure to do so was a waiver of the right to take advantage of the error.   *Newton* v. *Weaver,* 13 R. I. 616, 619.

Whether or not the plaintiff's counsel were told by the justice that he had reserved to them the right to take an exception to the instruction, about which the testimony was conflicting, is immaterial, for the right of exception existed independently of any reservation by the justice, and there was ample opportunity for counsel to have excepted if they had seen fit.

*Petition dismissed.*

*William B. Beach & Simon S. Lapham,* for plaintiff.
*Francis W. Miner & William G. Roelker,* for defendant.